**Robert E. WESTBERRY, Petitioner, Appellant,**

v.

**Ward E. MURPHY, Acting Warden, et al., Respondents, Appellees.**

**No. 76–1067.**

United States Court of Appeals, First Circuit.

Argued May 4, 1976.
Decided May 21, 1976.

Gerald M. Amero, Portland, Maine, by appointment of the court, for petitioner, appellant.

Charles K. Leadbetter, Asst. Atty. Gen., Augusta, Maine, was on brief, for respondents, appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Defendant was convicted in the Maine Superior Court under 17 M.R.S.A. § 2651,* of what is known broadly as felonious homicide, see *State v. Lafferty,* Me., 1973, 309 A.2d 647, and received a life sentence on the basis of murder. In this petition for habeas corpus he complains that the trial court improperly refused to submit to the jury the question of his intent to kill, it being his factual claim that he had no such intent and that the shooting was accidental, or at most negligent. The state answers that the shooting occurred during the commission of armed robbery—which for present purposes is conceded—and that, under the so-called felony murder rule, all it had to establish was that defendant intended to commit the robbery and that this caused the death. *State v. Wallace,* Me., 1975, 333 A.2d 72. Prior to filing his present petition, defendant sought post conviction relief in the state courts, including leave to appeal, but was unsuccessful. He thereby exhausted his remedies, but at the same time established, at least so far as the single justice was concerned, that under the substantive law of Maine the court's charge had been correct.

It is of course true that there cannot be a procedural device by which a necessary element of the offense is conclusively presumed. Defendant says that this is what the Maine court has done with respect to intent. This contention misses the point. The Maine court holds that intent to commit the felony is all that is needed to constitute malice aforethought within the meaning of the statute—intent to kill is not a necessary element.

Defendant makes conceivable arguments that in light of certain statements taken from prior cases the felony murder rule had not been known to be the substantive Maine law. Such a contention is not open unless defendant shows some constitutional infirmity. *Mullaney v. Wilbur,* 1975, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508. We see none. The Maine court was free to hold that the intentional commission of a felony causing death falls within the statutory definition of "malice aforethought." Having in mind the amorphous nature of "malice aforethought, either express or implied," it cannot be fairly said that defendant was not adequately warned, unless there had been a previous decision to the contrary, that a killing resulting from a premeditated, dangerous (see *Wallace,* ante) felony was, in law, the equivalent of a premeditated killing. It is not enough that counsel could raise possible questions as to what was meant by legal inferences, evidentiary tools, and other phrases to be found in certain judicial opinions. We see no unconstitutional abuse.

Secondly, we see no reason to disagree with the district court's finding that defendant did not overcome the presumptive correctness of the state court's finding of no constitutional defect with respect to defendant's arrest.

*Affirmed.*

---

* "Whoever unlawfully kills a human being with malice aforethought, either express or implied, is guilty of murder and shall be punished by imprisonment for life."