**John Allen CASE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 05–81–00026–CR.**

Court of Appeals of Texas, Dallas.

Oct. 30, 1981.

Rehearing Denied Dec. 2, 1981.

Tom Mills, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey Keck, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and ALLEN, JJ.

ROBERTSON, Justice.

This is an appeal from a conviction for public lewdness for which the court set a punishment of confinement for one day and a fine of $150. Appellant contends the trial court erred in admitting evidence of police officer's observation of appellant over the seven-foot wall of a movie viewing booth because the evidence was obtained in violation of the fourth amendment to the United States Constitution and article 1, section 9 of the Texas Constitution. We hold that, although the officers' activity constituted a search within the meaning of the constitutions, the search was reasonable. Accordingly the trial court did not err in admitting the evidence and the judgment of conviction is affirmed.

At trial, John Przywara, a Dallas Police Officer assigned to the Vice Control Division, testified that on January 25, 1979, he was working in an undercover capacity at the New Paris Theatre, an adult theatre, in Dallas, Texas. Officer Przywara first observed appellant in the arcade section of the theatre. The arcade section consisted of fifty plywood booths with individual movie projectors. Each booth had a plywood door. The booths, although adjacent to one another, were separated by seven-foot plywood walls, open at the top.

Officer Przywara observed appellant enter booth number fifteen and another individual enter booth number fourteen. With the doors closed, a person standing outside of the booths could not see what the occupant of either booth was doing inside the booth. Officer Przywara knew from prior observation of booths fourteen and fifteen, however, that the common wall of those booths had a hole in it, and the presence of the hole allowed the occupant of booth fourteen and the occupant of booth fifteen to engage in deviate sexual intercourse. Officer Przywara and another officer entered booth thirteen. With a lift from his partner, and by looking over the common wall of booths thirteen and fourteen, Officer Przywara was able to observe the individual in booth fourteen, not appellant, standing, with his arms outstretched, facing and against the common wall of booths fourteen and fifteen. After observing the position of the occupant of booth fourteen, the officers left booth thirteen and entered booth sixteen. Once again, Officer Przywara's partner boosted him off the ground. The boost enabled Officer Przywara, by looking over the common wall of booths fifteen and sixteen, to observe appellant engaged in the act of deviate sexual intercourse with the occupant of booth fourteen, whose genitals were protruding through the hole in the common wall of booths fourteen and fifteen. Shortly after this observation, the officers arrested appellant.

Appellant contends the trial court erred in admitting the officers' testimony concerning the activity concerning the activity they saw appellant engaged in because the officers' action was an unreasonable search in violation of the fourth amendment to the United States Constitution and article 1, section 9 of the Texas Constitution. The first question we must address is whether the officers' activity was a search within the meanings of the constitutions. We hold that under both the United States Constitution and the Texas Constitution the officers' activity constituted a search.

Under the federal constitution the question for determining whether a search occurred is whether the officers' activity in looking over the seven-foot plywood wall violated the privacy upon which appellant relied while using the booth. If the answer to this question is yes, then the activity was a search within the meaning of the fourth amendment. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

In Texas, a search means a quest for, a looking for, or a seeking out of that which offends against the law; and it implies a prying into hidden places for that which is concealed. *McCall v. State*, 540 S.W.2d 717 (Tex.Cr.App.1976); *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1975); *Turner v. State*, 499 S.W.2d 182 (Tex.Cr.App.1973). Under both the federal and state constitution, the question of whether the government's activity constituted a search depends upon whether appellant had a reasonable expectation of privacy at the time the activity occurred. *Katz v. United States, supra; Green v. State*, 566 S.W.2d 578 (Tex.Cr.App. 1978). We hold that at the time the officers looked over the wall, appellant had a reasonable expectation of privacy. The design of the booth in this case is such that, once inside it with the door closed, appellant had the right to expect that he would not be subject to the prying eyes of law enforcement officers. *Buchanan v. State*, 471 S.W.2d 401 (Tex.Cr.App.1971).

Any search conducted outside the judicial process is *per se* unreasonable. *Katz v. United States, supra; Maldonado v. State*, 528 S.W.2d 234 (Tex.Crim.App.1975). Our next question, therefore, is whether the search here in question comes within an exception that prevents the search from being an unreasonable search in violation of the constitutions. *Katz v. United States, supra; Hudson v. State*, 588 S.W.2d 348 (Tex.Cr.App.1979). We hold that the search was reasonable because of exigent circumstances. The Supreme Court has stated that, "Where there are exigent circumstances in which police action literally must be 'now or never' to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation." *Roaden v. Kentucky*, 413 U.S. 496, 505, 93 S.Ct. 2796, 2802, 37 L.Ed.2d 757 (1973). Likewise, Texas has consistently held that a search is not unreasonable if circumstances make procuring a warrant impracticable, *Lerma v. State*, 491 S.W.2d 152 (Tex.Cr. App.1973); *Brown v. State*, 481 S.W.2d 106

(Tex.Cr.App.1972), or if it is necessary to prevent the destruction of evidence. *Hernandez v. State*, 548 S.W.2d 904 (Tex.Cr. App.1977).

 Under either the federal or state constitution, however, the officers conducting the warrantless search based upon exigent circumstances must have had probable cause to believe an offense was being committed. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Hernandez v. State, supra*. In the present case, the officers knew the type of criminal activity appellant was engaging in occurred at the theatre. Additionally, the officers, knew the particular booth appellant occupied was well-suited for engaging in deviate sexual intercourse with the occupant of booth fourteen because of the hole in the common wall of the two booths. The officers saw appellant and the other individual go into the adjoining booths. The officers saw the suggestive physical position the occupant of booth fourteen was maintaining.[1] These facts, when considered together, are sufficient to show that the officers had probable cause to believe an offense was being committed.

Finally, appellant contends the trial court erred in allowing the State to reopen its case and introduce evidence after argument had been concluded. Appellant relies upon Article 36.02 of the Code of Criminal Procedure. Article 36.02 has no application to the present case because appellant's trial was not before a jury. *See Reed v. State*, 500 S.W.2d 497 (Tex.Cr.App.1973).

Affirmed.

---

1. Appellant cannot complain that the constitutional rights of the occupant of booth fourteen were violated. *Phariss v. State*, 137 Tex.Cr.R. 469, 131 S.W.2d 965 (Tex.Cr.App.1939); *Kay v. State*, 489 S.W.2d 861 (Tex.Cr.App.1973).