473 So.2d 766 (1985)
Randy YARBROUGH, Kenneth Montesco Brock, Donald James Carroll, Helen Camille Crenshaw, John Lawson, Denise D. Johnson, Paul Holloway, Appellants,
v.
STATE of Florida, Appellee.
Nos. AS-166 to AS-168, AS-324, AS-464, AT-243 and AT-379.
District Court of Appeal of Florida, First District.
July 23, 1985.
Michael E. Allen, Public Defender; David A. Davis, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellants seek review of judgments of conviction and sentences imposed for various drug-related conspiracy offenses, asserting that the trial court erred in denying motions to suppress evidence. We find that appellants have presented no point of reversible error and we therefore affirm the judgments and sentences appealed.
In 1982 the state filed a motion in the circuit court for an order "authorizing the installation and utilization of a pen register or touch tone decoder device" by which appellant Yarbrough's telephone could be *767 monitored. By decoding electrical impulses the pen register device would reveal the numbers dialed from Yarbrough's telephone, but not the content of any conversations. In the state's motion it was averred that such use of a pen register does not constitute a search within constitutional parameters and thus does not require a warrant. The court granted the motion, authorizing the utilization of a pen register and directing the telephone company to "cooperate ... in the installation of such a device." The order further limited both the scope and duration of the authorized use. A pen register to monitor numbers dialed from Yarbrough's telephone was then installed on a telephone line at the police station.
Based in part upon information derived from its authorized use of the pen register, the state subsequently obtained an order authorizing the interception of oral communications occurring on Yarbrough's telephone. Appellants were arrested and charged with various drug-related conspiracy offenses. By motions to suppress evidence appellants asserted that, in the circumstances presented, the state's utilization of a pen register constituted an impermissible search since it was not undertaken pursuant to a warrant issued upon probable cause. The trial court rejected this argument, finding that the use of a pen register is neither a search nor seizure under the fourth amendment of the U.S. Constitution or Article I § 12 of the Florida Constitution. Concluding that a warrant was thus not required, the court denied appellants' motions to suppress.
In Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979), the United States Supreme Court determined that an individual does not have a legitimate expectation of privacy with regard to numbers dialed into a commercial telephone system, and that the utilization of a pen register to obtain such information does not constitute a search or necessitate a warrant under the U.S. Constitution. Indicating that an expectation of privacy is constitutionally protected only when recognized by society as reasonable, the Court in Smith noted that dialed numbers are electronically conveyed to the telephone company and that the Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties."
Appellants argue that, despite the clear holding in Smith, stricter standards than are required by the U.S. Constitution may be imposed pursuant to Article I § 12 of the Florida Constitution.[1] Other states, under their own state constitutions, have taken diverse views on this issue. E.g. compare People v. Geurra, 65 N.Y.2d 60, 489 N.Y.S.2d 718, 478 N.E.2d 1319 (1985), with Commonwealth v. Beauford, 327 Pa. Super. 253, 475 A.2d 783 (1984). We find that the rationale expressed in Smith likewise delineates the parameters of the constitutional protection in Florida, and in accordance with Smith we conclude that under Article I § 12 of the Florida Constitution an individual does not have a legitimate expectation of privacy, which society would recognize as reasonable, with regard to numbers dialed into a commercial telephone system. The use of a pen register in the circumstances of the present case therefore does not constitute a search or require a warrant under Article I § 12 of the Florida Constitution.
The judgments of conviction and sentences appealed are affirmed.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Article I § 12 of the Florida Constitution, as amended, now provides that:

This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court... .
However, this amendment is not to be applied retroactively, see State v. Lavazzoli, 434 So.2d 321 (Fla. 1983), and the contested state action in the present case occurred prior to the effective date of the amendment.