**Damon Jerome RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–90–0349–CR.**

Court of Appeals of Texas, Amarillo.

May 18, 1992.

Discretionary Review Granted Sept. 30, 1992.

Richard L. Wardroup, Lubbock, for appellant.

Travis Ware, Dist. Atty., Lubbock, Michael West, Asst. Dist. Atty., for appellee.

Before DODSON, BOYD and POFF, JJ.

ON REMAND FROM COURT
OF CRIMINAL APPEALS

BOYD, Justice.

The Court of Criminal Appeals, 824 S.W.2d 585, has vacated the earlier judgment of this court and remanded this case to this court for reconsideration of appellant's points of error in light of *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991). In *Heitman*, the Court stated that it would not automatically adopt and apply to Art. I, § 9 of the Texas Constitution the United States Supreme Court's interpretations of the Fourth Amendment of the United States Constitution. *Id.* at 681.

In his appeal to this court, appellant had asserted several points of error predicated in whole or in part upon the proposition that the use of a pen register is a "search" within the purview of Art. I, § 9 and such a search had occurred without the requisite probable cause. A pen register is a device that is capable of recording numbers dialed from a telephone but is not capable of recording the content of any communication made on that telephone line. Tex.Code Crim.Proc.Ann. art. 18.21 § 1(9) (Vernon Supp.1992).

In our earlier opinion, this court found that earlier caselaw interpreting Art. I, § 9 as being, under their facts, not more restrictive than the Fourth Amendment, suggested that federal decisions "should be of considerable persuasive value." *Richardson v. State*, 821 S.W.2d 304, 306–07 (Tex. App.—Amarillo 1991, no pet.). This court noted that in *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979), the United States Supreme Court held that the use of a pen register is not a "search" within the purview of the Fourth Amendment. *Id.* at 306. We determined that "the Smith Court's reasoning ... seems compelling," and concluded that the use of a pen register is not a "search" within the purview of Art. I, § 9 of the Texas Constitution. *Id.* at 307. For reasons hereinafter discussed, we remain convinced that our original conclusion was correct.

Under Art. I, § 9, a "search" means a quest for, a looking for, or a

seeking out of, that which offends against the law; and it implies a prying into hidden places for that which is concealed. *Crowell v. State*, 147 Tex.Crim. 299, 180 S.W.2d 343, 345–46 (1944), *criticized on other grounds, Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991); *Case v. State*, 624 S.W.2d 348 (Tex.App.—Dallas 1981, no pet.). Under the Texas Constitution, whether activity constitutes a "search" depends upon whether the appellant had a reasonable expectation of privacy at the time the activity occurred. *Case v. State*, 624 S.W.2d at 350.

When making a telephone call, a person conveys the information as to the number called to the telephone company. Thus, as contrasted to the content of the telephone conversation which, of course, is not revealed in the usual course of business, a caller has no reasonable expectation of privacy as to the number called. The information as to a number called is not information which is concealed in a hidden place within the purview of the *Crowell* case, but is, rather, information which has been disclosed.

We note that some state courts have held, under their state constitutions, that a person has a reasonable expectation of privacy as to telephone numbers called because of the necessity of the use of telephones. *State v. Gunwall*, 106 Wash.2d 54, 720 P.2d 808, 815–16 (1986); *People v. Sporleder*, 666 P.2d 135, 141 (Colo.1983); *State v. Hunt*, 91 N.J. 338, 450 A.2d 952, 955–56 (1982).

In *Sporleder*, the Court stated:

A telephone is a necessary component of modern life. It is a personal and business necessity indispensable to one's ability to effectively communicate in today's complex society.... Besides, it is somewhat idle to speak of assuming risks in a context where, as a practical matter, the telephone subscriber has no realistic alternative. [citation omitted]

*Id.*, 666 P.2d at 141. The Court later referred to the disclosure of certain facts to the telephone company as a "necessary concomitant for using an instrument of private communication...." *Id.* at 142.

The Court in *State v. Hunt* noted, "The telephone has become an essential instrument in carrying on our personal affairs." 450 A.2d at 955–56. The court stated:

It is unrealistic to say that the cloak of privacy has been shed because the telephone company and some of its employees are aware of this information. Telephone calls cannot be made except through the telephone company's property and without payment to it for the service. This disclosure has been necessitated because of the nature of the instrumentality,....

*Id.* at 956.

We do not find the reasoning in the above cases persuasive. Simply because use of telephones is important to effective communication in today's world does not create a reasonable expectation of privacy. To get to work, generally a person must travel in a manner that is open to public view. Often, people must work in an environment which is open to public view. Such necessities do not give rise to a reasonable expectation of privacy.

The individual who must walk a block in order to get to his office building does not have a reasonable expectation of privacy in his trip down the sidewalk simply because it is necessary to do so in order to get to work. The individual at the cashier counter in the grocery store does not have a reasonable expectation of privacy in his exposed actions simply because his work requires him to be open to public view.

The above Courts also based their holding that a reasonable expectation of privacy existed upon a theory that the disclosure was limited to the telephone company for their limited purposes. Indeed, in *State v. Hunt*, the Court stated, "[M]ore significantly the disclosure has been made for a limited business purpose and not for release to other persons for other reasons." 450 A.2d at 956; *accord People v. Sporleder*, 666 P.2d at 141.

Again, we find this reasoning unpersuasive. Under that logic, a drug dealer who solicits sales on a street corner has a reasonable expectation of privacy because his

solicitation has been made for a limited business purpose and not for release to other persons for other reasons. That analogy could be expanded to many other commonplace situations.

The use of a pen register is not prying into hidden places for that which is concealed. A person does not have a reasonable expectation of privacy in the telephone numbers which are disclosed to a telephone company. Since that reasonable expectation of privacy does not exist, we hold that the use of a pen register is not a "search" within the purview of Art. I, § 9 of the Texas Constitution. Our conviction that this holding is correct is strengthened by the number of well-reasoned cases from other state courts which have applied the same reasoning and arrived at the same result as has this court. *See In re Order for Indiana Bell Tel., Etc.,* 274 Ind. 131, 409 N.E.2d 1089 (1980); *State v. Fredette,* 411 A.2d 65 (Sup.Ct.Me.1979); *People v. Guerra,* 65 N.Y.2d 60, 489 N.Y.S.2d 718, 478 N.E.2d 1319 (1985); *State v. Valenzuela,* 130 N.H. 175, 536 A.2d 1252 (1987); *Yarbrough v. State,* 473 So.2d 766 (Fla. App.Dist.1985); *State ex rel. Ohio Bell Tel. Co. v. Williams,* 63 Ohio St.2d 51, 407 N.E.2d 2 (1980); *Smith v. State,* 283 Md. 156, 389 A.2d 858 (1978), *aff'd,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979).

After our re-examination of this matter, and of the record as a whole, we remain convinced our original disposition of all of appellant's points of error was correct. Accordingly, all of appellant's points are overruled for the reasons explicated in our original opinion supplemented by our discussion in this opinion. The judgment of the trial court is affirmed.