The STATE of Texas, Appellant,

v.

Gene Austin WALDEN, Appellee.

Nos. 01-92-00074-CR, 01-92-00075-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 8, 1992.

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Mark Rubal, Asst. Dist Attys., Houston, for appellee.

Before DUNN, DUGGAN and MIRABAL, JJ.

OPINION

DUNN, Justice.

The State appeals a decision by the district court to suppress evidence of drugs

and gambling obtained during an investigation of appellee, Gene Austin Walden. Appellee sought suppression of this evidence, alleging that Harris County vice officers and the Harris County District Attorney's office improperly issued grand jury subpoenas to count the number of telephone calls placed to appellee's residence. The information gleaned from this investigation ultimately resulted in the issuance of a search warrant uncovering cocaine and gambling paraphernalia. Based upon the seized evidence, appellee was indicted for gambling promotion, keeping a gambling place, and possession of a controlled substance.

Asserting the following grounds, the State contends the trial court erred in granting appellee's motion to suppress the evidence.

(1) Appellee does not have standing to object to the grand jury subpoenas.

(2) Obtaining the telephone records of the number of calls made to the phone used by appellee did not constitute a seizure.

(3) The procedures utilized in obtaining a grand jury subpoena were not an abuse of the grand jury process.

■ The standard of review governing a trial court's ruling on a motion to suppress is whether the court abused its discretion. *Green v. State*, 813 S.W.2d 703, 704 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *State v. Lopez*, 763 S.W.2d 939, 942–43 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). We review the totality of the circumstances in the light most favorable to the trial court ruling. *Lopez*, 763 S.W.2d at 944. We sustain the State's point of error, reverse the trial court and remand.

The sequence of events leading up to the discovery of the cocaine and gambling paraphernalia is not in dispute and is generally reflected in the affidavit of the investigating officer, G.D. Todd. According to the officer's affidavit, after receiving an anonymous tip on September 14, 1990, regarding the alleged gambling activities of appellee, he began an investigation. The initial subpoena from the Harris County District Attorney's office requested the business records of the telephone number identified by

the informant as the betting number. The business records indicated that the phone number was issued to Rivera, appellee's roommate.

On September 28, 1990, the investigating officers requested a grand jury subpoena from the district attorney's office in order to monitor the number of incoming calls to the targeted phone number. A grand jury subpoena was issued and Southwestern Bell complied by notifying the vice squad that 283 incoming calls were attempted and/or received during the nine-hour period covered by the subpoena. Another grand jury subpoena was issued on October 4, 1990, by the district attorney to determine the number of incoming calls during a two-hour period on October 8, 1990. Officer Todd's affidavit indicates these times were chosen because of their proximity to various sporting events and known betting times. On October 10, 1990, the district attorney's office issued another grand jury subpoena to monitor incoming calls for the one week period including baseball's World Series and several professional football games. Southwestern Bell also complied with these subpoenas by submitting the requested information to the vice officers.

The information obtained via these subpoenas was not immediately transmitted to the grand jury. However, this information, and information obtained through police surveillance, became the probable cause foundation for a search warrant of appellee's residence. That search yielded gambling paraphernalia and cocaine. This evidence was presented to the grand jury, which indicted appellee.

The main issue in this case is whether appellee could have a "justifiable, reasonable, or legitimate expectation of privacy" in the information sought by the subpoenas. *See Smith v. Maryland*, 442 U.S. 735, 741, 99 S.Ct. 2577, 2581, 61 L.Ed.2d 220 (1979); *Case v. State*, 624 S.W.2d 348, 350 (Tex.App.—Dallas 1981, no pet.). Determination of a privacy interest requires an examination of two issues: whether appellee, by his conduct, "has exhibited an actual (subjective) expectation of privacy" and whether this subjective expectation of

privacy is one which "society is prepared to recognize as reasonable." *Smith,* 442 U.S. at 741, 99 S.Ct. at 2580.

 The subpoenas at issue required Southwestern Bell to monitor only the *number* of incoming calls; nothing else was noted. No record was made as to the number from which the call originated, if the call was answered, or the contents of the call. This form of surveillance is less intrusive than the information obtained by using "pen registers," which the Supreme Court has determined are not searches for fourth amendment purposes. *See Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). Nor are pen registers "searches" under the Texas Constitution. *Richardson v. State,* 831 S.W.2d 78, 79 (Tex.App.—Amarillo 1992, pet. granted). A "search" requires some action to discover concealed information. *Id.* at 79–80; *Case,* 624 S.W.2d at 350. However, the electronic impulses indicating the transmission or reception of received telephone communications are automatically and voluntarily conveyed to the telephone company; thus, no legitimate expectation of privacy can exist. *Smith,* 442 U.S. at 744–45, 99 S.Ct. at 2582–83.

> The fourth amendment protects only the content of a telephone conversation and not the fact that a call was placed or that a particular number was dialed. This is because telephone subscribers have no reasonable expectation that records of their calls will not be made. It is, in fact, well known that such records are kept.

*United States v. Clegg,* 509 F.2d 605, 610 (5th Cir.1975).

We conclude appellee did not have a legitimate privacy interest in the information obtained via the grand jury subpoenas. The equipment used did not monitor the contents of the calls or even if the call was answered.

In *Smith v. State,* 708 S.W.2d 518, 522 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd), *cert. denied,* 481 U.S. 1050, 107 S.Ct. 2182, 95 L.Ed.2d 839 (1987), this Court found the appellant had no property rights in call-forwarding information obtained by the telephone company. In *Smith,* we

were persuaded by evidence that the equipment used to monitor call forwarding cannot eavesdrop on the substance of the conversation in any way. *Id.* Additionally, we noted the information belongs to the telephone company and the customer cannot obtain such information from the phone company; therefore, it found the customer had no property right to protect. *Id.*

We hold that appellee has no reasonable expectation of privacy regarding this information. Therefore, the trial court abused its discretion when it ordered the evidence suppressed. Because we sustain this subpoint of the State's point of error, it is not necessary to reach the other sub-points in the State's point of error.

The order of the trial court is reversed and this case is remanded.