Melvin OLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–01425–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 5, 1998.

Kurt Gumberger, Houston, for appellant.

John B. Holmes, Calvin Hartman, Houston, for appellee.

Before SCHNEIDER, C.J., and TAFT and ANDELL, JJ.

## OPINION

TAFT, Justice.

Appellant pled guilty to murder. The trial court sentenced appellant to 20–years imprisonment in accordance with the plea agreement. Appellant appeals the trial court's denial of his pretrial motion to suppress evidence. We address an issue of first impression: whether police may test the clothing of a person lawfully arrested for one offense in order to investigate that person's involvement in another offense. We affirm.

### Facts

After being found at the scene of a murder, appellant was detained for questioning as a witness to the murder. While appellant was in custody, a deputy sheriff discovered appellant had an outstanding arrest warrant for probation violations (MRP warrant). Appellant was arrested pursuant to the MRP warrant, not for the murder.

The Harris County Sheriff's Department took appellant's clothing and shoes on which no blood was visible. The Sheriff's Department sent appellant's clothing to the Medical Examiner's office for testing, without a warrant. A forensic serologist tested appellant's clothing and shoes by spraying a substance that illuminates spots of nonvisible blood and found blood on his shoe. Further testing matched the blood on appellant's shoe with the complainant's blood.

### Validity of Search

In appellant's sole point of error, he contends the trial court erred in denying his motion to suppress evidence. First, he

claims that, because the State did not produce the MRP warrant, a reviewing court is unable to determine if the arrest warrant and the subsequent search were valid. *See Miller v. State,* 736 S.W.2d 643, 648 (Tex.Crim. App.1987). Second, appellant argues that, even if the warrant was valid, the search of his clothing was illegal because it was in furtherance of an investigation for a different offense from the one for which appellant was arrested.

### A. Waiver

■ The State argues appellant has waived any error in regard to the validity of the arrest. Not objecting waives error on appeal. Tex.R.App. P. 33.1; *Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim.App.1991). If the argument on appeal does not comport with the trial objection, error is waived. *Fierro v. State,* 706 S.W.2d 310, 316 (Tex.Crim. App.1986).

■ Appellant's motion to suppress generally stated that the search and arrest were illegal. His supplemental motion to suppress stated that the seizure of appellant's clothing and shoes was illegal and done without a warrant. It stated there were no exigent circumstances to authorize the seizure without a warrant; therefore the seizure violated the Fourth Amendment of the United States Constitution, Article I, § 9 of the Texas Constitution, and Code of Criminal Procedure articles 14.01 to 14.06 (Vernon 1977 & Supp. 1998) and article 38.23 (Vernon Supp.1998). We agree with the State that appellant did not argue the MRP arrest warrant was invalid either in his motion or at the hearing. Therefore, appellant has waived any error on appeal in regard to this argument. *See Fierro,* 706 S.W.2d at 316; Tex.R.App. P. 33.1.

### B. Standard of Review

■ We generally review a trial court's ruling on a motion to suppress for abuse of discretion. *See Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985); *Santos v. State,* 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). However, when presented with a question of law based on undisputed facts, we apply de novo review. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997) (holding that de novo standard applies to motion to suppress involving mixed questions of law and fact not turning on the credibility of witnesses).

### C. Investigating a Separate Offense

Appellant did preserve his argument that the search of his clothing, by scientific testing, was illegal because it was in furtherance of an investigation for a different offense from the one for which he was arrested. This is an issue of first impression. The Fourth Amendment rule against warrantless searches and seizures is subject to various exceptions. *See United States v. Edwards,* 415 U.S. 800, 802, 94 S.Ct. 1234, 1236, 39 L.Ed.2d 771 (1974), *overruled on other grounds, United States v. Chadwick,* 433 U.S. 1, 15, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538 (1977). One exception permits warrantless searches incident to custodial arrest; traditionally it has been justified by the reasonableness of searching for weapons, instruments of escape, and further "evidence of the particular crime" when a person is taken into custody and lawfully detained. *See United States v. Robinson,* 414 U.S. 218, 218, 94 S.Ct. 467, 469, 38 L.Ed.2d 427 (1973); *Edwards,* 415 U.S. at 805, 94 S.Ct. at 1238. This general exception has historically meant that a search may be made of the arrestee's person and of the area within the arrestee's control. *Robinson,* 414 U.S. at 224, 94 S.Ct. at 471.

■ The warrantless seizure of a suspect's clothing subsequent to a legal arrest, while in custody or detention, is permissible. *See Edwards,* 415 U.S. at 806, 94 S.Ct. at 1238; *Marquez v. State,* 725 S.W.2d 217, 234 (Tex.Crim.App.1987). The United States Supreme Court has held that the authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide the probability was that weapons or evidence would be found on the suspect's person. *Robinson,* 414 U.S. at 235, 94 S.Ct. at 477. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion

being lawful, a search incident to the arrest requires no additional justification. *Id.* at 233–37, 94 S.Ct. at 476–77 (holding arrest justified search of person despite fact search could not provide any evidence or fruits of traffic violation for which suspect was arrested).

The State relies on *Edwards.* The issue in *Edwards* was whether police actions were incident to arrest when the police waited until the morning after the arrestee was booked before taking his clothing and subjecting it to laboratory analysis. *See* 415 U.S. at 805, 94 S.Ct. at 1238. The Court held that "in a situation like" the one in *Edwards,* the legal arrest of a person for at least a reasonable time and to a reasonable extent takes the arrestee's "own privacy out of the realm of protection from police interest in weapons, means of escape, and evidence." 415 U.S. at 809, 94 S.Ct. at 1239–40. The Court held that, because no substitute clothing was available the night of the arrest, the delay was reasonable and the police did only what they could have legally done the night of the arrest. *Id. Edwards* is distinguishable from this case because, in *Edwards,* the arrestee's clothing was material evidence of the crime for which he had been arrested. 415 U.S. at 805, 94 S.Ct. at 1238. The *Edwards* Court stated, "We do not conclude that the Warrant Clause of the Fourth Amendment is never applicable to post arrest seizures of the effects of an arrestee." 415 U.S. at 808, 94 S.Ct. at 1239.

It is undisputed that the police had the right to search appellant's clothing, take it from him, and keep it in official custody, incident to a legal arrest. *See Edwards,* 415 U.S. at 805, 94 S.Ct. at 1238. The United States Supreme Court and the Texas Court of Criminal Appeals have emphasized that testing a defendant's clothing was permissible in certain cases because the clothing constituted evidence of the crime *for which the defendant was arrested. See Edwards,* 415 U.S. at 805, 94 S.Ct. at 1238; *Marquez,* 725 S.W.2d at 234.

 The issue here is whether a person lawfully arrested for one crime, with no valid expectation of privacy that his clothing will not be tested for evidence of the crime for which he was arrested, has a legitimate expectation of privacy that his clothing will not be tested for evidence of other crimes. The test for legitimate expectation of privacy includes two inquiries: (1) whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy and (2) whether the individual's subjective expectation of privacy is one that society is prepared to recognize as (objectively) reasonable. *Smith v. Maryland,* 442 U.S. 735, 741, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim.App.1996); *State v. Walden,* 838 S.W.2d 342, 343–44 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The burden of establishing a legitimate expectation of privacy is upon appellant. *Villarreal,* 935 S.W.2d at 138. Unless appellant establishes a reasonable expectation of privacy, he cannot complain of a constitutional violation. *Hudson v. Palmer,* 468 U.S. 517, 525–26, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984) (prisoner has no reasonable expectation of privacy in his cell and therefore no Fourth Amendment protection).

While it could be argued that one always has a subjective expectation of privacy in the clothing one is wearing, even that subjective expectation of privacy disappears when one is arrested. The expectation of one arrested is that one's clothing will be taken away when one assumes jail garb. Furthermore, there is no evidence appellant took any action to have his clothing safeguarded from testing for evidence such as requesting that it be released to his family members. Appellant has thus failed to show that he had a subjective expectation of privacy precluding testing of his clothing for evidence of other crimes.

Even if appellant had shown he had a subjective expectation of privacy, he has not shown it is one that society is prepared to recognize. Indeed, it is difficult to conceive of an argument why society would distinguish between expectations of privacy in clothing of inmates based on the offense for which that clothing was tested. As with so many matters pertaining to being confined to jail, there simply is no reasonable expectation of privacy in the clothing taken from a prisoner.

We hold that appellant did not meet his burden of establishing a legitimate expectation of privacy in the clothing seized at the jail after his lawful arrest. Therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's sole point of error.

**Conclusion**

We affirm the trial court's judgment.

ANDELL, J., dissenting.

Reconsideration en banc was requested.

SCHNEIDER, C.J., and O'CONNOR, ANDELL, and TAFT, JJ., voted in favor of en banc consideration. COHEN, MIRABAL, WILSON, HEDGES and NUCHIA, JJ., opposed en banc consideration.

O'CONNOR, J., joins with the dissent.

ANDELL, Justice, dissenting.

The issue on appeal is whether the State can, without a warrant, search appellant's clothing in furtherance of an investigation for a *different* offense from the one for which he was arrested. In this issue of first impression, I would sustain point of error one and reverse and remand for trial as to both the guilt and punishment stages.

The majority correctly writes that the test for legitimate expectation of privacy includes two inquiries: (1) whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy and (2) whether the individual's subjective expectation of privacy is one that society is prepared to recognize as (objectively) reasonable. *Smith v. Maryland,* 442 U.S. 735, 741, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App. 1996); *State v. Walden,* 838 S.W.2d 342, 343–44 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The burden of establishing a legitimate expectation of privacy is upon appellant. *Villarreal,* 935 S.W.2d at 138.

The majority then goes on to conclude that appellant failed to show that he had a subjective expectation of privacy precluding testing of his clothing for evidence of other crimes. This conclusion however, even if it were correct, does not end the inquiry. It is necessary to determine whether a person in custody has the protection of the Fourth Amendment. The mere fact that appellant was in jail does not dissolve all constitutional protection.

The Fourth Amendment rule that searches and seizures may not be made without a warrant is subject to various exceptions. *See United States v. Edwards,* 415 U.S. 800, 802, 94 S.Ct. 1234, 1236, 39 L.Ed.2d 771 (1974), *overruled on other grounds, United States v. Chadwick,* 433 U.S. 1, 15, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538 (1977) (involving search of property). One exception permits warrantless searches incident to custodial arrest and has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and further "evidence of the particular crime" when a person is taken into custody and lawfully detained. *See United States v. Robinson,* 414 U.S. 218, 218, 94 S.Ct. 467, 469, 38 L.Ed.2d 427 (1973); *Edwards,* 415 U.S. at 805, 94 S.Ct. at 1238. This general exception has historically meant that a search may be made of the person of the arrestee and of the area within the control of the arrestee. *Robinson,* 414 U.S. at 224, 94 S. Ct at 471.

The final constitutional question remains: was *this* search reasonable under the Fourth Amendment? The minimum of constitutional requirements for a warrantless search are (1) probable cause that evidence will be uncovered and (2) exigent circumstances justifying the search. *See Chambers v. Maroney,* 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). This case presents no exigent circumstances. There was no danger that appellant would destroy the evidence, since the State had it in its custody, or that the delay in obtaining a search warrant would impair the State's investigation.

The normal booking procedure of police officers in Harris County is to take the arrestee's clothes and store them in the property room until the prisoner is released; the prisoner's clothes are then returned to him, unless the clothes are needed for evidentiary purposes. In the usual course of the MRP arrest, appellant's clothes would have been

stored in the property room until his release, at which time they would have been returned to him.

Further, the State had no probable cause. Appellant was not arrested for the homicide offense, and there was no visible blood. Yet his clothing, without a warrant, was scientifically tested in order to detect nonvisible blood, for a crime for which there was no probable cause.

The State attempts to bootstrap the legality of the MRP arrest to justify a warrantless search, greater in scope than normally to be expected, for evidence of the murder. *See Westberry v. Mullaney,* 406 F.Supp. 407, 412 (S.D.Me.1976), *aff'd,* 535 F.2d 1333 (1st Cir. 1976). In light of the reason for the arrest, the testing of appellant's clothes was unreasonable. *See United States v. Mills,* 472 F.2d 1231, 1234 (D.C.Cir.1972). The officers improperly used the MRP arrest to search for evidence of the murder in violation of appellant's state and federal constitutional rights. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX.CODE CRIM. P. ANN. arts. 14.01–.06 (Vernon 1977 & Supp.1998) & 38.23 (Vernon Supp.1998).

I would hold that the trial court abused its discretion in denying appellant's motion to suppress and, accordingly, reverse and remand. I respectfully dissent to the majority's decision to affirm.