Opinion issued October 19, 2006



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00596-CR




ROBERT BOULDS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 996316




MEMORANDUM OPINION
          A jury convicted appellant, Robert Boulds, of aggravated sexual assault of a
child and assessed punishment at 50 years’ confinement. Tex. Pen. Code Ann. §
22.021 (Vernon 2003). In three points of error, appellant complains that (1) the trial
court erred in admitting the complainant’s outcry statement and (2) the evidence was
legally and factually insufficient to support his conviction. We affirm the judgment
of the trial court. 
Background
          The undisputed facts show that, on July 2, 2004, Melissa Whiteside, age 18,
asked appellant, a neighbor she had met only once, to drive her from her hometown
of Hockley, Texas to Houston so that she could visit friends. Whiteside gave
appellant $10 to cover gas for the trip. The complainant, age 12 and a friend of
Whiteside, went along for the ride. Like Whiteside, the complainant had met
appellant only once. After dropping Whiteside with her friends in Houston, appellant
drove the complainant back to Hockley. 
          The complainant testified that, on the return-trip to Hockley, appellant pulled
over on an isolated dirt road and sexually assaulted her. Specifically, she stated that
appellant crawled over the console, reclined the passenger seat, unbuttoned and
pulled her pants to her knees, inserted “his private” into her vagina, and “moved back
and forth” for a period of about five minutes. She further testified that she
experienced pain and felt uncomfortable while appellant was on top of her. Near the
end of the alleged assault, the complainant remembered “white stuff” coming from
appellant’s “private part.” 
          To the contrary, appellant testified that he did not make any stops on the return-trip to Hockley and did not sexually assault the complainant. According to appellant,
he dropped the complainant back at the Whiteside residence without incident.           The State presented several witnesses, one of whom was the complainant’s
neighbor, Carol Shirley. The record indicates that Shirley was the first person the
complainant told about the alleged assault. As such, Shirley was able to testify to the
complainant’s outcry statement. She stated specifically that, the day after the attack,
the complainant informed her that appellant had put his penis into her vagina. She
further testified that the complainant had asked her to explain the “creamy white
stuff.” At the complainant’s request, Shirley did not speak with the complainant’s
mother until she had been notified of the incident by another neighbor a couple of
weeks later. 
          Harris County Deputies K.E. Tarrance and J.D. Philpot testified for the State. 
Deputy Tarrance was dispatched to the complainant’s residence after the
complainant’s mother contacted police. Although he did not interview the
complainant, Deputy Tarrance testified that he spoke with both her mother and the
outcry witness, Carol Shirley. In his interviews with the two women, Deputy
Tarrance was able to develop appellant as a suspect in the alleged assault. Deputy
Philpot, a detective in the child abuse division of the Harris County Sheriff’s Office,
further investigated the assault and prepared a photospread for the complainant’s
review. In the photospread, the complainant identified appellant as the man who
assaulted her. Deputy Philpot further testified that no DNA tests were performed and
no search warrant was executed to examine appellant’s car. 
          Dr. Roger Collins, an emergency room physician at Tomball Hospital, testified
that he examined the complainant for sexually transmitted diseases 14 days after the
alleged assault. Dr. Collins indicated that what is traditionally known as a “rape kit”
was not performed on the complainant at the election of her mother. Additionally,
nearly two weeks had passed since the alleged assault, during which time the
complainant had showered and changed undergarments. No physical trauma was
observed by Dr. Collins in his examination of the complainant. He testified, however,
that, in his opinion, a lack of physical trauma was not unusual in sexual assault cases,
especially given the length of time that had passed between the assault and the
examination. 
Outcry Statement
          In his first point of error, appellant contends that, because the requirements of
article 38.072 of the Texas Code of Criminal Procedure were not satisfied, the trial
court erred in admitting the complainant’s outcry statement. Specifically, appellant
complains that (1) the trial court failed to conduct a reliability hearing outside the
presence of the jury, as is required by article 38.072, and (2) the outcry witness
improperly testified to matters not contained in the summary of the outcry statement
provided by the State. 
Standard of Review
          A court’s decision that the outcry statement of a child abuse victim is reliable
and admissible under article 38.072 is reviewed for an abuse of discretion. Garcia
v. State, 792 S.W.2d 88, 92 (Tex. Crim. App.1990); Broderick v. State, 89 S.W.3d
696, 698 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The test for abuse of
discretion is whether the court acted arbitrarily or unreasonably, or without reference
to any guiding rules or principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex.
Crim. App. 1990); Galliford v. State, 101 S.W.3d 600, 604 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). 
Analysis 
          We first address appellant’s contention that the trial court failed to conduct a
reliability hearing outside the presence of the jury, as is required by article 38.072 of
the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
38.072(b)(2) (Vernon 2005). Article 38.072 provides a statutory exception to the
hearsay rule, allowing statements made by children age 12 and younger to be
admitted at trial if the statements were made to the first person 18 years of age or
older, other than the defendant, to whom the victim described an alleged offense of
sexual abuse in some discernable manner. Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2(a) (Vernon 2005); Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). 
Article 38.072 requires, among other things, that the trial court find, in a hearing
conducted outside the presence of the jury, that the statement is reliable based on the
time, content, and circumstances of the statement. Id. § 2(b). After conducting a
reliability hearing, the trial court is not required to make written findings regarding
the reliability of an outcry. See Villalon v. State, 791 S.W.2d 130, 136 (Tex. Crim.
App. 1990); see also Gabriel v. State, 973 S.W.2d 715, 718 (Tex. App.—Waco 1998,
no pet.). Instead, the trial court may impliedly find the testimony reliable by
overruling a defendant’s objections and admitting the testimony. See Villalon, 791
S.W.2d at 136; see also Gabriel, 973 S.W.2d at 718. 
          Here, the record indicates that, at appellant’s request, the trial court retired the
jury and heard evidence concerning the circumstances of the outcry statement before
allowing Carol Shirley to testify. Following the State’s voir dire examination of
Shirley, the trial court indicated that it was ready to bring the jury in, and the trial
proceeded with Shirley’s testimony. Because the trial court allowed Shirley to testify,
it impliedly found the testimony to be reliable. Appellant’s contention that the court
failed to conduct a reliability hearing, as required by article 38.072, is not supported
by the record. 
          We next address appellant’s contention that the outcry witness impermissibly
testified to matters not contained in the summary of the outcry statement provided by
the State. To preserve a complaint for appellate review, a party must have presented
to the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). If the complaint on appeal does not
comport with the trial objection, the complaint is waived. Oles v. State, 965 S.W.2d
641, 643 (Tex. App.—Houston [1st Dist.] 1998), aff’d, 993 S.W.2d 103 (Tex. Crim.
App. 1999); see also Skidmore v. State, 838 S.W.2d 748, 753 (Tex. App.—Texarkana
1992, pet. ref’d) (holding objection that testimony did not meet qualifications of
outcry statement or hearsay exception did not preserve error because it did not
specifically raise the issue of the State’s notice to the defendant). 
          Here, the only objection made at trial was to hearsay generally. On appeal,
appellant argues that Shirley’s testimony was improperly admitted because she
testified to matters not contained in the summary of the statement provided by the
State. Specifically, appellant argues that Shirley’s testimony concerning the
complainant’s questions about the “creamy white stuff” was absent from the
summary. Appellant never informed the trial court, however, that the testimony was
objectionable because it exceeded the scope of the summary. Therefore, appellant’s
objection at trial does not comport with his complaint on appeal, and appellant has
waived this complaint.
          Accordingly, we overrule appellant’s first point of error. Sufficiency of the Evidence
          In his second and third points of error, appellant contends that the evidence was
legally and factually insufficient to support his conviction. Specifically, appellant
argues that the lack of physical injury, presence of inconsistent testimony, and
absence of evidence that appellant “targeted” the complainant renders the evidence
legally and factually insufficient to establish his guilt. 
Standard of Review
          The standard for reviewing the legal sufficiency of the evidence is whether,
after reviewing the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979). 
In our factual-sufficiency review, we examine all of the evidence neutrally and ask
whether proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. See Zuliani v. State, 97 S.W.3d 589, 593–94 (Tex.
Crim. App. 2003). A jury’s decision is not manifestly unjust merely because the jury
resolved conflicting views of evidence in favor of the State. Carty v. State, 178
S.W.3d 297, 304 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). The jury is the
sole judge of the weight and credibility of witness testimony. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). Finally, we must consider the most important
evidence that the appellant claims undermines the jury’s verdict. Sims v. State, 99
S.W.3d 600, 603–04 (Tex. Crim. App. 2003). 
Analysis
          The indictment charged that the complainat was a person younger than 14 years
of age and that appellant unlawfully, intentionally, and knowingly caused the
penetration of the complainant’s sexual organ with his sexual organ. The testimony
of a victim standing alone, even when the victim is a child, is sufficient to support a
conviction for sexual assault. See Carty, 178 S.W.3d at 303. Additionally, outcry
testimony admitted in compliance with article 38.072 is considered substantive
evidence, admissible for the truth of the matter asserted in the testimony as an
exception to the hearsay rule. See art. 38.072; see also Rodriguez v. State, 819
S.W.2d 871, 873 (Tex. Crim. App. 1991). The complainant testified that appellant put his “private” inside of her vagina
and that, at that time, she experienced pain and felt uncomfortable. Additionally, the
complainant’s testimony was corroborated by Shirley’s testimony concerning the
complainant’s outcry. A rational jury could have concluded that the complainant’s
testimony alone established the essential elements of aggravated sexual assault of a
child beyond a reasonable doubt. Therefore, we hold the evidence is legally
sufficient to establish appellant’s guilt.
          Accordingly, we overrule appellant’s second point of error. 
          Appellant cites as evidence contrary to the verdict, that (1) the complainant did
not exhibit signs of physical trauma when she was examined by Dr. Collins, (2) the
testimony of the complainant and the testimony of the outcry witness were
inconsistent,


 and (3) there was no indication that appellant “targeted” the
complainant. In light of Dr. Collins’s testimony that, because nearly two weeks had
passed between the assault and the examination, it was not unusual to find a lack of
physical trauma in sexual assault cases, it cannot be said that the lack of physical
trauma greatly outweighs the complainant’s testimony set out above or renders the
verdict clearly wrong or manifestly unjust. Similarly, the alleged testimonial
inconsistencies and absence of evidence that the complainant was “targeted” by
appellant do not greatly outweigh the complainant’s testimony or render the verdict
clearly wrong or manifestly unjust. Therefore, we hold the evidence is factually
sufficient to establish appellant’s guilt.
          Accordingly, we overrule appellant’s third point of error.
Conclusion
We affirm the judgment of the trial court.
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.